UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
PAKENAUTH GEER,

        Petitioner,

-against-

PEOPLE OF THE STATE OF NEW YORK,

        Respondent.
------------------------------------------------------x



NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
14-CV-5216 (CBA)

**AMON, United States District Judge:**

Petitioner Pakenauth Geer ("Geer"), who is on parole[1] after serving more than 11 years in state prison for first-degree manslaughter, filed the instant petition pro se for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Geer collaterally attacks his conviction and sentence. The Court denies the petition as untimely.

## BACKGROUND

On February 28, 2005, Geer pleaded guilty to first-degree manslaughter for killing Jairaji Hanuman. (D.E. # 8-3 ("R.") at 3–4, 91.) According to a transcript of an April 4, 2005, court proceeding, the Honorable Robert J. Hanophy, Justice of the New York Supreme Court, Queens County, sentenced Geer to 17 years in prison and five years of post-release supervision. (Id. at 1, 4–6.) However, the state court at the time issued a commitment record mentioning only the prison sentence but not the post-release supervision period. (See id. at 7; see also id. at 10 (noting that original sentence date was April 4, 2005).) The state corrections department notified the state court of the erroneous court document on January 27, 2012, (R. at 7), and after reviewing the April 4, 2005, transcript, the Honorable Michael B. Aloise, Justice of the New York Supreme Court,

---

[1] A search of the state's online inmate records shows that Petitioner was released on parole on July 1, 2016, which does not expire until December 9, 2018. Accordingly, his habeas petition is not moot. See, e.g., Spencer v. Kemna, 523 U.S. 1, 7–8 (1998); Scanio v. United States, 37 F.3d 858, 860 (2d Cir. 1994).

1

Queens County, directed the state court clerk on February 24, 2012, to issue a new commitment document with the post-release supervision included, (see id. at 8–10). On April 9, 2012, the new commitment document was stamped as received at the Washington Correctional Facility, where Geer was incarcerated at the time. (See id. at 10.) He claims that the new commitment document constitutes a new sentencing.

On July 10, 2013, Geer filed in state court a motion to set aside his sentence, pursuant to § 440.20 of the New York Criminal Procedure Law. (Id. at 13–15); see also N.Y. Crim. Proc. Law § 440.20(1) ("At any time after the entry of a judgment, the court in which the judgment was entered may, upon motion of the defendant, set aside the sentence upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law."). Geer sought a hearing and argued that (1) the sentence was illegally increased; (2) the resentencing occurred outside his presence and not in court; and (3) the resentencing was performed illegally by someone other than Justice Hanophy, the original sentencing judge. (R. at 13–15.) On September 25, 2013, the Honorable Kenneth C. Holder, Justice of the New York Supreme Court, Queens County, denied the motion, finding that New York law required a supervision sentence of up to five years, and that Geer was present at the time of sentencing on April 4, 2005. (R. at 52.) He failed to appeal the motion, (see D.E. # 1 at 3), and instead filed a new § 440.20 motion with the identical claims on December 4, 2013, (see R. at 53–57). Justice Holder again denied the motion, this time finding it procedurally barred in light of his prior denial. (Id. at 93.) Geer failed to appeal the second decision. (See D.E. # 1 at 4.)

On August 29, 2014, Geer filed his federal habeas application. (See id. at 20.) He asserted that (1) he was resentenced illegally in 2012; that (2) he was resentenced without his knowledge or presence and without a hearing; and that (3) he was resentenced by someone other than Justice

2

Hanophy, his original sentencing judge. (Id. at 5–17.) On June 22, 2015, the Court ordered Respondent People of the State of New York[2] to show cause why the Court should not grant the writ. (D.E. # 6.) Respondent filed an answer and traverse on September 18, 2015. (D.E. # 8.) Geer did not file a reply.

## DISCUSSION

Geer collaterally attacks his sentence—or, as he puts it, resentencing.[3] The challenge is untimely. Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") to establish, among other things, a one-year statute of limitations in habeas corpus proceedings. See 28 U.S.C. § 2244 (d)(1). Pursuant to AEDPA, the limitations period runs "from the latest of," among other things, "the date on which the judgment became final by . . . the expiration of the time for seeking" direct review or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Id.

The Court doubts that, when Justice Aloise ordered changes to Geer's commitment document, it constituted a new sentencing. But even if it were, Geer's application would be untimely. He learned of the purported resentencing—the basis for his habeas application—no later than April 9, 2012, when he received the commitment document at his prison. New York law gave him 30 days—or until May 9, 2012—to file a notice of appeal challenging the new sentence. See N.Y. Crim. Proc. Law § 460.10(1)(a). Having failed to do so, Geer's resentencing became final

---

[2] Geer incorrectly names the People of the State of New York as the Respondent in this action. See Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts ("[T]he petition must name as respondent the state officer who has custody."). However, Respondent has failed to raise the defect and therefore has "'submit[ted] itself in the custodian's stead to the jurisdiction of the federal courts.'" Brown v. New York, No. 09-CR-2043 (NGG), 2011 WL 3511004, at *1 n.1 (E.D.N.Y. Aug. 10, 2011) (quoting Smith v. Idaho, 392 F.3d 350, 356 (9th Cir. 2004)).

[3] In discussing the prior proceedings of his case, Geer makes off-hand comments about his lawyer "betray[ing]" him. (See, e.g., D.E. # 1 at 1.) However, a review of the habeas petition shows that he does not raise ineffective assistance of counsel ("IAC") as a ground for the petition. (See id. at 5–17.) The Court does not consider any potential IAC issues, which in any event appear unexhausted and untimely in light of the record.

for purposes of AEDPA on May 9, 2012. See, e.g., Bethea v. Girdich, 293 F.3d 577, 579 (2d Cir. 2002) (noting that AEDPA's statute of limitations starts to run when the time for filing an appeal notice has expired). Accordingly, Geer would have had one year—or until May 9, 2013—to file his habeas application. See 28 U.S.C. § 2244(d)(1). However, he filed it more than 15 months later, on August 29, 2014. (See D.E. # 1 at 20.)

Neither statutory tolling nor equitable tolling renders Geer's challenge timely. First, his two § 440.20 motions in state court do not toll the AEDPA limitations period. Pursuant to AEDPA, the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation" under the statute. 28 U.S.C. § 2244(d)(2). However, the § 440.20 motions were not "pending" during the limitations period. See, e.g., Fernandez v. Artuz, 402 F.3d 111, 116 (2d Cir. 2005) ("To toll the AEDPA statute of limitations, the state petition must be both 'properly filed' and 'pending' during the tolling period."). "A state court application or motion for collateral relief is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." Bennett v. Artuz, 199 F.3d 116, 120 (2d Cir. 1999) (emphasis added). Geer filed his first § 440.20 motion on July 10, 2013, about two months after the AEDPA limitations period had run on May 9, 2013. Therefore, the state motions do not serve as grounds for statutory tolling. See, e.g., Vasquez v. Superintendent, Marcy Corr. Facility, No. 16-CV-2499 (CBA), 2016 WL 7496726, at *2 (E.D.N.Y. Dec. 30, 2016); Rashid v. Khulmann, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) (Sotomayor, J.) ("Once the limitations period is expired, collateral petitioners can no longer serve to avoid a statute of limitations.").

4

Moreover, equitable tolling does not apply. Geer generally must show that (1) "he has been pursuing his rights diligently," and that (2) "some extraordinary circumstance stood in the way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). He fails to provide any evidence supporting either prong. (See, e.g., D.E. # 1 at 18–19.) Accordingly, the Court finds that the habeas petition is untimely.

## CONCLUSION

The Court DENIES the habeas petition. Because Geer has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Lucidore v. N.Y. State Div. of Parole, 209 F.3d 107, 111–12 (2d Cir. 2000). The Court respectfully DIRECTS the Clerk of Court to enter judgment accordingly and to close this case.

SO ORDERED.

Dated: March 26, 2018
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge